UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) NO. 2:96-MC-09 |
| CLIFFORD E. BRYANT, | ) |
| Defendant, | ) |

**REPORT AND RECOMMENDATION**

The United States has filed a motion for sanctions and for contempt [Doc. 82] requesting the Court hold Defendant Clifford Bryant (Bryant) in contempt for his failure to comply with a prior Court order entered on March 24, 2017, in which the Court ordered, based on the parties' agreement, to make installment payments on a judgment the United States obtained against Bryant years ago for failure to pay back his student loans. This matter is before the United States Magistrate Judge under the standing orders of the Court and 28 U.S.C. § 636 for a report and recommendation and certification of facts. The undersigned finds Bryant to be in civil contempt of court and RECOMMENDS the District Court take appropriate action as it deems necessary to compel Bryant to comply with the previous orders of the Court to include potential incarceration.

**I.    FINDINGS OF FACT**

The Court makes the following findings of fact. On July 11, 2018, the United States filed its motion for contempt and served it on Bryant by both U.S. Mail and email [Doc. 82]. On July 12, 2018, the Court entered an order directing Bryant to appear before the undersigned on September 13, 2018, to show cause why he should not be held in contempt of court based on the

1

allegations contained in the motion filed by the United States [Doc. 84].  To assure Bryant had notice of both the motion and the date of the hearing, the Court directed the U.S. Marshal to serve Bryant personally with the relevant pleadings and the order to appear.  On July 30, 2018, the U.S. Marshal personally served Bryant with the Order setting the case for a hearing along with the pleadings filed by the United States [Doc. 85].  Since that time, Bryant has not filed any responsive pleadings challenging the allegations in the motion to hold him in contempt.  Not only did Bryant not challenge the allegations, on September 13, 2018, the date of the Court had set the case for a hearing, Bryant did not appear as ordered by the Court.

A summary of the procedural history of this case is in order to appreciate the undersigned's recommendation.  On April 17, 1996, the United States filed a certification of judgment recording the judgment against Bryant it had obtained in the Circuit Court for Greene County, Tennessee in the amount of $54,048.33 for Bryant's failure to pay back a Sallie Mae student loan [Doc. 1].  On September 25, 2000, the United States filed a motion to compel, requesting the Court order Bryant to respond to post-judgment discovery served on him on May 3, 2000 [Doc. 7].  On September 25, 2000, the District Court ordered Bryant to comply with his discovery obligations within 10 days of the entry of the order [Doc. 8].  On August 15, 2001, the United States filed a motion for contempt, indicating that Bryant had not complied with the Court's order of September 25, 2000 [Doc. 9]. The District Court set the matter for a hearing on October 15, 2001 for Bryant to show cause why he should not be held in contempt [Doc. 10].  On October 5, 2001, Bryant then complied, and the motion was withdrawn [Doc. 11, 12].

No further action was taken in the court's file until October 16, 2012 when the United States issued a subpoena to produce documents [Doc. 20].  On August 8, 2014, the United States filed a motion to compel post-judgment discovery, requesting the Court compel Bryant to respond

2

to discovery requests filed on him on April 21, 2014 [Doc. 21]. On May 27, 2015, the Honorable R. Leon Jordan referred the matter to the undersigned [Doc. 26]. On August 5, 2015, the undersigned ordered Bryant to fully respond to the discovery requests by September 1, 2015 [Doc. 28]. On September 28, 2015, the United States filed a motion for contempt and for sanctions for Bryant's failure to comply with the Court order entered on August 5, 2018 [Doc. 30]. On September 30, 2015, the Court entered an Order to Show Cause requiring Bryant to appear to show cause why he should not be held in contempt of court and set the matter for a hearing on December 9, 2015 [Doc. 33]. On that date, the matter was rescheduled to January 27, 2016, to permit the parties to resolve the pending issues [Doc. 36]. Because Bryant submitted some responses to the discovery requests, the United States requested the hearing be rescheduled to permit it to review his responses. The Court reset the matter to February 24, 2016 [Doc. 37]. On that date, Bryant advised the Court that he would comply with the discovery requests by March 25, 2016. The Court continued the hearing until April 12, 2016 [Doc. 40]. On April 6, 2016, the United States withdrew its motion to hold Bryant in contempt [Doc. 43].

On May 4, 2016, the United States filed another motion to compel post-judgment discovery for not responding to discovery requests served on Bryant on March 4, 2016 [Doc. 45]. The matter was referred to the undersigned [Doc. 48]. On June 8, 2016, the undersigned granted the motion, ordering Bryant to respond to the discovery requests by July 11, 2016 [Doc. 49]. On July 15, 2016, the United States filed a motion for sanctions and contempt [Doc. 50]. The undersigned entered an order requiring Bryant to appear on August 11, 2016 to show cause why he should not be held in contempt [Doc. 53]. The hearing was reset to September 15, 2016. On September 15, 2016, the Court ordered Bryant to produce the requested documents by September 26, 2016 and reset the

3

hearing until October 27, 2016 [Doc. 58]. Bryant complied with the discovery requests, and the United States withdrew its motion [Doc. 59].

On March 6, 2017, the United States filed a motion for an agreed installment payment order [Doc. 75]. In this motion, the parties announced that Bryant had agreed to make monthly installment payments beginning April 1, 2017 in the amount of $1,000.00 and continuing for 48 months [Doc. 75, pg. 1]. The Court held a hearing on the motion on March 24, 2017, during which Bryant appeared and confirmed on the record his agreement to the terms stated in the motion for installment payments. On that date, this Court entered an Agreed Order granting the motion for an installment payment order established by both parties and ordered Bryant to

> make forty-eight (48) payments of $1,000 each consecutive month…, followed by thirty–six (36) payments of $900 each consecutive month thereafter, followed by monthly payments of $800 each consecutive month thereafter for the remainder of time until the judgment is fully and completely paid off and satisfied, including any and all interest, surcharges, or other fees associated with the judgement.

[Doc. 80, ¶ 2]. The Court found that "[a] failure to timely and completely make a monthly payment in accordance with this order will be deemed a violation of this order unless the failure is justified." [Doc. 80, pg. 1-2].

On July 11, 2018, the United States filed a motion for sanctions and for contempt indicating Bryant had not complied with the Agreed Order entered on March 24, 2017 [Doc. 82]. On July 12, 2018, the undersigned set a hearing on the motion for September 12, 2018 and directed the U.S. Marshal to serve Bryant personally with the order setting the hearing along with the pleadings the United States had filed [Doc. 84]. On July 30, 2018, the U.S. Marshal served Bryant with the order and the pleadings [Doc. 85].

On the date of the hearing, Bryant did not appear. The Court then proceeded to conduct the hearing that had been set. There the Court finds that the United States established by clear and

4

convincing evidence that Bryant made payments in accordance with the order from April 2017 through January 2018 [Doc. 82-1, Declaration, p. 1, ¶ 3]. However, the check Bryant submitted for his February 2018 monthly payment was returned in March 2018 for insufficient funds [Doc. 82-1, Declaration, p. 1, ¶ 5]. Bryant then successfully made his March 2018 payment, and that payment was then applied to the missed February payment [Doc. 82-1, Declaration, p. 2, ¶ 6]. On March 27, 2018, the United States sent Bryant a letter via regular mail and via email to inform him that his February check had bounced and that his next payment should be for $2,000 to cover both March and April [Doc. 82-1, Declaration, p. 2, ¶ 7; *Hearing on Motion for Sanctions and Contempt*, Exhibits 1 and 2]. On April 18, 2018, Bryant tendered two checks for $1,000 each to cover his payments for March and April [Doc. 82-1, Declaration, p. 2, ¶ 8]. Then, Bryant's check for the month of May was returned for insufficient funds, and the United States again sent a letter via regular mail and email advising him of this and that he would have to make it up with the June's payment [Doc. 82-1, Declaration, p. 2, ¶ 9-11; *Hearing on Motion for Sanctions and Contempt*, Exhibits 3 and 4]. In Bryant's attempt to make payments for May and June, both his checks were returned for insufficient funds [Doc. 82-1, Declaration, p. 2-3, ¶ 12-13]. As of the date of the hearing (September 13, 2018), the United States informed the Court that Bryant has not tendered payment for the months of May, June, July, and August.

     Bryant has not contacted the United States regarding his missed payments. Bryant has not provided the United States nor the Court with any evidence that his financial circumstances have changed since he agreed that he could make the payments outlined in the Court's March 2017 order. Indeed, at the hearing, the United States introduced no evidence that Bryant's financial status had changed at all, and that they believed it had not. At the time the Court entered the

installment order, Bryant understood that failure to comply with monthly payments could constitute a violation of the Court order, unless justified [Doc. 80, ¶ 1].

In setting a hearing on the motion and providing Bryant notice, the Court provided Bryant with an opportunity to address the allegations about his failure to comply with the Court's order. Rather than filing any pleadings or appearing at the hearing as he had done in the past, he simply ignored the Court. He has made no argument and presented no evidence that his financial situation has worsened or that he is unable to fulfill his payment obligations to the United States. In short, Bryant has not provided any explanation for his failure to comply with the Court's order. Therefore, the Court is left with uncontradicted testimony that Bryant has the present ability to pay as he did when the court entered the initial order but has simply refused to do so.

The Court finds by clear and convincing evidence that Bryant was aware of this hearing, that he had been personally served by the U.S. Marshal with the order directing him to appear and that he was served with the pleadings filed by the United States seeking to hold him in contempt, and that he has introduced no evidence to address the allegations that he has willfully failed to comply with the Court's order directing him to pay in installments. Instead, Bryant has simply ignored the Court's orders and failed to comply with his prior agreement to pay a long-standing obligation he owes to the United States.

## II. ANALYSIS

Choosing to disobey a lawful court order may be punishable as contempt. *Glover v. Johnson*, 138 F.3d 229, 245 (6th Cir. 1998). But contempt is a "serious" power to be used only as a "last resort." *Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795, 799 (6th Cir. 2017). "Contempt comes in two varieties, civil and criminal. 'The distinction between civil and criminal contempt lies in the purpose of the court's mandate. Civil contempt sanctions are designed to

6

enforce compliance with court orders and to compensate injured parties for losses sustained.'" *Clapper v. Clark Dev., Inc.*, No. 17-4056, 2018 WL 4030850, at *3 (6th Cir. Aug. 23, 2018)(quoting *Downey v. Clauder*, 30 F.3d 681, 685 (6th Cir. 1994)). In contrast, "[c]riminal contempt sanctions ... are imposed to vindicate the authority of the court by punishing past acts of disobedience." *Id*. "With respect to civil contempt proceedings, '[j]udicial sanctions ... may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.'" *Elec. Workers Pension Tr. Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.,* 340 F.3d 373, 379 (6th Cir. 2003)(quoting *United States v. United Mine Workers of Am.,* 330 U.S. 258, 303–04, 67 S.Ct. 677, 91 L.Ed. 884 (1947)).

In this case, the United States seeks to hold Bryant in civil contempt. The initial burden is on the United States to demonstrate by clear and convincing evidence that Bryant has violated the Court's order. See *Harrison v. Metro. Gov't of Nashville and Davidson County, Tenn*., 80 F.3d 1107, 1112 (6th Cir. 1996). The Court finds that the United States has carried its burden to show by clear and convincing evidence that Bryant has violated a specific court order requiring him to pay according to its terms. Once the United States established its prima facie case, the burden shifts to Bryant who could defend the allegation of contempt "by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Elec. Workers Pension Tr. Fund*, 340 F.3d at 379. For Bryant to meet this burden, he must "show categorically and in detail why he … is unable to comply with the court's order." *Id.* quoting *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir.1996).

In this case, Bryant received adequate notice of the hearing and chose to ignore the Court's order that he appear in person to address the motion filed by the United States. He offered no

evidence that he is presently unable to comply with the Court's order. *Elec. Workers Pension Tr. Fund,* 340 F.3d at 379. Instead, he has thumbed his nose at the legal process. Bryant's failure to comply with the Court's order without any justification constitutes civil contempt. Under these circumstances, the undersigned finds that Bryant is in civil contempt and sanctions, including monetary sanctions or incarceration, are appropriate.

The next issue is what are the appropriate sanctions in this case. Bryant has consistently refused to comply with his discovery obligations in this case, requiring the United States to file motions to compel repeatedly. Rather than complying promptly, he drags out the process, requiring the United States to file these motions again and again, and the Court to address them time and time again. He has demonstrated a serious callousness to his discovery obligations and to the orders of the court. This attitude is reflected in his pattern of conduct over the years but also most recently in his ignoring the Court's order for him to appear and address the allegations.

In this case, the Court RECOMMENDS that the District Court take whatever action it deems appropriate to force Bryant to comply with the Court's order. That action could include incarcerating him until he complies with the Court order or otherwise shows that he is presently unable to comply. In this case, Bryant's unwillingness to attend the hearing in violation of the Court's order or to offer any evidence to address the allegations contained in the motion leaves the Court with no other option but to include the most serious of sanctions when the District Court decides what action to take to compel compliance. Among the available action the District Court should consider is the incarceration of Bryant for his continued civil contempt until he purges it. The judicial process cannot function where litigants are able to openly mock the process. Ignoring court orders requiring him to appear is mocking the process. Agreeing to a Court order and then ignoring is mocking the process. Bryant cannot ignore court orders without justification, and up

8

to this point, he has offered none.

Accordingly, the undersigned RECOMMENDS that the motion [Doc. 82] of the United States be GRANTED and that Bryant be found in civil contempt of Court. Given the history of this case and Bryant's caviler approach to his obligations to comply with the Court's orders and given that he had notice of the hearing, ignored the hearing, and presented no evidence that he is unable to comply presently with the Court's order which obligated him to make payments according to its terms, and that he has failed to pay according to the terms of the order, the undersigned RECOMMENDS that the District Court set an appropriate order requiring him to comply with the orders of the Court and that such order could include an ARREST WARRANT being issued for Bryant and that he be ARRESTED AND INCARCERATED and brought before the District Court to explain his lack of compliance and that he remain incarcerated until he either purges himself of the contempt or otherwise shows to the satisfaction of the District Court that he is unable to comply with the Court's orders.

**The Court directs the U.S. Marshal to serve a copy of this Report and Recommendation on Bryant at his last known address at 297 Fairfield Dr. Greeneville, Tennessee 37745 or wherever he may be found**.[1]

Respectfully Submitted,

s/Clifton L. Corker
United States Magistrate Judge

---

[1] **Any objections to this Report and Recommendation must be filed with the Clerk's office within twenty-one (21) days of its service by the U.S. Marshal or further appeal will be waived. 28 U.S.C. § 636(b)(1).**

9