UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos. 2:19-CV-097 |
| | ) | |
| CLIFFORD E. BRYANT, | ) | |
| | ) | |
| Defendant. | ) | |

# **O R D E R**

On March 1, 2019, United States Magistrate Judge Clifton L. Corker issued a report and recommendation ("R&R") [doc. 89], on the government's pending motion for sanctions and contempt [doc. 82]. After conducting a hearing on the motion, which Mr. Bryant failed to attend, Judge Corker recommended that this Court find Mr. Bryant in civil contempt based on his failure to pay the agreed-upon amount to the government, and failure to appear in court or respond in any way to the government's allegations. Mr. Bryant has objected to the R&R [doc. 91], emphasizing his medical conditions and their impact on his ability to pay. The government responded, requesting a hearing on the matter [doc. 92].

The Court held a hearing on this matter on June 12, 2019, at which both the government and Mr. Bryant presented evidence and argument relating to Mr. Bryant's ability to pay the $1,000 monthly amount. At the end of that hearing, the Court recommended that the parties meet and confer about the payment amount, and continued

the hearing. The Court again heard the parties on July 15, 2019, and the parties had not reached any agreement from their meeting.

After hearing the parties on this matter, and considering Judge Corker's well-reasoned R&R, the Court will **ADOPT** the R&R. The Court adopts the R&R's factual findings, and the Court finds that the government has shown by clear and convincing evidence that Mr. Bryant has violated specific court orders, namely, the agreed order requiring him to pay $1,000 per month to the government and the order requiring him to appear before the Court in Greeneville. *See Harrison v. Metro. Gov't of Nashville and Davidson Cnty., Tenn.*, 80 F.3d 1107, 1112 (6th Cir. 1996) (holding that the initial burden is on the movant to demonstrate by clear and convincing evidence that the non-movant has violated the Court's order).

Moreover, the Court finds that Mr. Bryant has not met his burden of showing that he is presently unable to comply with the Court's orders. *See Elec. Workers Pension Tr. Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003) (holding that, once the movant has made a showing by clear and convincing evidence, the burden shifts to the non-movant to show that he is presently unable to comply with the Court's order). Accordingly, the Court finds Mr. Bryant in contempt for failure to pay the agreed $1,000 monthly amount to the government,[1] and failure to appear before Judge Corker, or file any notice or motion with the Court regarding that hearing.

---

[1] The Court notes that Mr. Bryant asserts that he can no longer pay this amount. However, the Court finds that Mr. Bryant has no excuse for his failure to discuss his alleged change in financial circumstances with the government, or file a motion in this Court, regarding the payment amount, rather than writing bad checks for the $1,000 monthly amount.

The Court has considered the appropriate sanctions in this case, and has determined that a brief term of incarceration is the only appropriate sanction. Mr. Bryant already owes the government a substantial sum of money, which he has repeatedly refused to pay, and thus, any attempt to order Mr. Bryant to pay a fine in this matter would be counter-productive. Moreover, in light of Mr. Bryant's egregious behavior, the Court deems incarceration appropriate. Mr. Bryant may not ignore orders of the Court. As Judge Corker noted in his R&R: "The judicial process cannot function where litigants are able to openly mock the process. Ignoring court orders requiring him to appear is mocking the process. Agreeing to a Court order and then ignoring is mocking the process." [Doc. 89 at 8]. Mr. Bryant never provided any remotely adequate explanation for his failure to comply with Judge Corker's order, nor his failure to work with the government if his financial situation had changed, rather than writing bad checks for the owed amount. Thus, the Court finds that a short period of incarceration is an appropriate sanction

Accordingly, the Court **OVERRULES** Mr. Bryant's objections [doc. 91], **ADOPTS** Judge Corker's R&R [doc. 89], and **GRANTS** the United States' motion for sanctions and for contempt [doc. 82]. Mr. Bryant is found to be in contempt of court and shall be imprisoned for a term of 10 days. Mr. Bryant shall surrender to the United States Marshal at the James H. Quillen United States Courthouse in Greeneville **no later than 12:00 p.m. on Monday, July 22, 2019**. Mr. Bryant is warned that his failure to self-report at this time will result in additional sanctions.

**The Court directs the U.S. Marshal to personally serve a copy of this Order on Bryant at his last known address at 297 Fairfield Dr. Greeneville, Tennessee 37745 or wherever he may be found.**

**IT IS SO ORDERED.**

                                                          s/ Leon Jordan
                                                   United States District Judge